# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| LARRY BARKOWSKY, individually and on behalf of all others similarly situated, | DOCKET NO. 4:20-cv-00049 |
| vs. | JURY TRIAL DEMANDED |
| SILTSTONE RESOURCES OPERATING II, LLC | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Larry Barkowsky brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Siltstone Resources Operating II LLC (collectively "Siltstone") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Siltstone employs oilfield personnel, like Barkowsky, to carry out its work.

3. Barkowsky, and the other workers like him, typically worked 12-15 hour shifts and regularly worked more than 60 hours per week.

4. But Siltstone does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Siltstone pays these workers a day-rate and improperly classified them as independent contractors.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Barkowsky performed work-related tasks for Siltstone in this District in Pecos County.

## PARTIES

9.     From approximately March 2019 until July 2019, Barkowsky worked for Siltstone as a Completions Superintendent. Throughout his employment with Siltstone, he was misclassified as an independent contractor and paid a day-rate with no overtime compensation. His consent to be a party Plaintiff is attached as **Exhibit A**.

10.    Barkowsky brings this action on behalf of himself and other similarly situated workers who were classified as independent contractors and paid by Siltstone's day-rate system.

11.    Siltstone paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

12.    The class of similarly situated workers sought to be certified as a collective action under the FLSA is defined as:

> **All oilfield workers who worked for, or on behalf of, Siltstone Resources Operating II LLC during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime.** (the "Putative Class Members").

13.    Barkowsky seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

14.    Siltstone Resources Operating II, LLC may be served through its registered agent: Corporation Service Company, 211 7th Street, Suite 620, Austin, Texas 78701.

## COVERAGE UNDER THE FLSA

15.    At all times hereinafter mentioned, Siltstone has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Siltstone has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Siltstone has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Barkowsky and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

19. Siltstone's misclassification of Barkowsky and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of the FLSA.

## FACTS

20. Siltstone is an oil and gas company operating throughout the United States, and in Texas.

21. In order to make the goods and provide the services it markets to its customers, Siltstone employs oilfield personnel like Barkowsky and the Putative Class Members.

22. These oilfield workers carry out the hands-on, day-to-day production work of Siltstone.

23. Oilfield workers are an integral part of Siltstone's business operations.

24. For example, Barkowsky worked for Siltstone from approximately March 2019 until July 2019 as a Completions Superintendent.

25. Barkowsky would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan.

26. Barkowsky was paid on a day-rate basis throughout his employment with Siltstone.

27. Barkowsky and the Putative Class Members were not paid a salary.

28. Siltstone typically scheduled Barkowsky to work 12-14 hour shifts, for as many as 7 days a week.

29. Barkowsky regularly worked well in excess of 40 hours in a workweek.

30. But Siltstone did not pay Barkowsky overtime.

31. The work Barkowsky performed was an essential part of producing Siltstone's core products and/or services.

32. During Barkowsky's employment with Siltstone, Siltstone exercised control over all aspects of Barkowsky's job.

33. No advanced degree is required and Siltstone regularly hires workers who only have a high-school diploma (or less).

34. Barkowsky did not have any advanced degree.

35. Being an oilfield worker is not work requiring specialized academic training as a standard prerequisite.

36. To the extent these workers make "decisions," the decisions do not require the exercise of independent discretion and judgment.

37. Instead, Siltstone's workers apply well-established techniques and procedures.

38. These workers are not permitted to deviate from established quality standards.

39. The Putative Class Members are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

40. With these job duties, these oilfield worker are clearly **non-exempt** under the FLSA.

41. Siltstone paid Barkowsky and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

42. Barkowsky did not make any substantial investment in order to perform the work Siltstone required of him.

43. Siltstone determined Barkowsky' opportunity for profit and loss.

44. Barkowsky' earning opportunity was based on the number of days Siltstone scheduled him to work.

45. Barkowsky was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform his job duties.

46. Barkowsky was not employed by Siltstone on a project-by-project basis, but rather on a consistent basis.

47. While Barkowsky was classified as an independent contractor, he was regularly on call for Siltstone and was expected to drop everything and work whenever needed.

48. Siltstone controlled all the significant or meaningful aspects of the job duties performed by Barkowsky.

49. Siltstone controlled the hours and locations Barkowsky worked, the tools he used, and the rates of pay he received.

50. Even when Barkowsky worked away from Siltstone's offices without the presence of a direct Siltstone supervisor, Siltstone still controlled all aspects of Barkowsky' job activities by enforcing mandatory compliance with Siltstone's policies and procedures.

51. More often than not, Barkowsky utilized equipment provided by Siltstone to perform his job duties.

52. Barkowsky did not provide the equipment he worked with on a daily basis.

53. Siltstone made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Barkowsky worked in.

54. Barkowsky did not incur operating expenses like rent, payroll, marketing, and insurance.

55. Barkowsky was economically dependent on Siltstone during his employment.

56. Siltstone set Barkowsky's rates of pay, his work schedule, and prohibited him (formally or practically) from working other jobs for other companies while they were working on jobs for Siltstone.

57. Very little skill, training, or initiative, in terms of independent business initiative, was required of Barkowsky to perform his job duties.

58. Indeed, the daily and weekly activities of Barkowsky and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Siltstone.

59. Virtually every job function performed by Barkowsky and the Putative Class Members was pre-determined by Siltstone, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

60. Barkowsky and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

61. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to oil and gas operations in the field.

62. Barkowsky performed routine manual and technical job duties that were largely dictated by Siltstone.

63. All of the Putative Class Members perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

64. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

65. The Putative Class Members regularly worked in excess of 40 hours each week.

66. Like Barkowsky, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

67. Siltstone did not pay Barkowsky on a salary basis.

68. Siltstone did not pay the Putative Class Members on a salary basis.

69. Siltstone paid Barkowsky on a day-rate basis.

70. Siltstone paid the Putative Class Members on a day-rate basis.

71. Siltstone failed to pay Barkowsky overtime for hours worked in excess of 40 hours in a single workweek.

72. Siltstone failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

73. Siltstone knew, or acted with reckless disregard for whether, Barkowsky and the Putative Class Members were misclassified as independent contractors.

74. Siltstone classifies other workers who perform substantially similar work, under similar conditions, as employees.

75. Siltstone's policy of failing to pay Barkowsky and the Putative Class Members overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

76. Siltstone's day-rate system violates the FLSA because Barkowsky and the other day-rate workers classified as independent contractors did not receive any pay for hours worked over 40 hours each week.

77. Because Barkowsky and the Putative Class Members were misclassified as independent contractors by Siltstone, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

78. Barkowsky and the Class Members worked for Siltstone over the past three years across the United States.

79. As a result of Siltstone's pay policies, Barkowsky and the Class Members were denied the overtime pay required by federal law.

80. Siltstone keeps accurate records of the hours, or at least days, worked.

81. It also keeps accurate records of the amount of pay these workers receive.

82. Despite knowing the FLSA requirements and that Barkowsky and the Putative Class Members regularly worked more than 40 hours in a workweek, Siltstone does not pay them overtime.

### FLSA VIOLATIONS

83. Barkowsky incorporates the preceding paragraphs by reference.

84. As set forth herein, Siltstone violated the FLSA by failing to pay Barkowsky and the Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

85. At all relevant times, Siltstone has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

86. Siltstone employed Barkowsky and each member of the Class.

87. Siltstone's pay policy denied Barkowsky and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

88. Siltstone owes Barkowsky and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

89. Siltstone knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Barkowsky and the Class Members is willful.

90. Due to Siltstone's FLSA violations, Barkowsky and the Class Members are entitled to recover from Siltstone for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

91. The improper pay practices at issue were part of a continuing course of conduct, entitling Barkowsky and Class Members to recover for all such violations, regardless of the date they occurred.

## COLLECTIVE ACTION ALLEGATIONS

92. The illegal pay practices Siltstone imposed on Barkowsky were likewise imposed on the Putative Class Members.

93. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

94. Numerous other individuals who worked with Barkowsky were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

95. Based on his experiences and tenure with Siltstone, Barkowsky is aware that Siltstone's illegal practices were imposed on other Putative Class Members.

96. The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

97. Siltstone's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

98. Barkowsky' experiences are therefore typical of the experiences of the Putative Class Members.

99. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

100. Barkowsky has no interest contrary to, or in conflict with, the Putative Class Members.

101. Like each Putative Class Member, Barkowsky has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

102. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

103. Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and Siltstone will reap the unjust benefits of violating the FLSA.

104. Furthermore, even if some of the Putative Class Members could afford individual litigation against Siltstone, it would be unduly burdensome to the judicial system.

105. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

106. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Siltstone employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA;

   b. Whether the Putative Class Members were improperly misclassified as independent contractors;

   c. Whether Siltstone's decision to classify the members of the Class as independent contractors was made in good faith;

   d. Whether Siltstone's decision to not pay time and a half for overtime to the members of the Putative Class was made in good faith;

   e. Whether Siltstone's violation of the FLSA was willful; and

   f. Whether Siltstone's illegal pay practices were applied to the Putative Class Members.

107. Barkowsky and the Putative Class Members sustained damages arising out of Siltstone's illegal and uniform employment policy.

108. Barkowsky knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

109. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

110. Barkowsky demands a trial by jury.

## RELIEF SOUGHT

111. WHEREFORE, Barkowsky prays for judgment against Siltstone as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Barkowsky and his counsel to represent the interests of the FLSA Class;

   c. For an Order finding Siltstone liable to Barkowsky and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**